Joseph Alm (SBN: 294362)
jalm@tesla.com
Candace Jackman (SBN: 267599)
cjackman@tesla.com
**TESLA, INC.**
901 Page Ave.
Fremont, CA 94538
Tel: (650) 681-5000

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **TESLA, INC.**,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**MCKECHNIE VEHICLE COMPONENTS USA, INC.**; and **MVCUSA HOLDINGS, LLC**,<br><br>　　　　　Defendants. | Case Number: 5:21-cv-01962<br><br>**PLAINTIFF TESLA, INC.'S ADMINSTRATIVE MOTION TO SEAL PORTIONS OF ITS *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND CERTAIN DOCUMENTS IN SUPPORT THEREOF**<br><br>Judge:　　　_____<br>Date:　　　　_____<br>Time:　　　　_____<br>Room:　　　　_____ |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Tesla, Inc. ("Tesla") hereby files this administrative motion to seal portions of its *ex parte* motion for a temporary restraining order and preliminary injunction and certain documents in support thereof. Tesla has identified the information it seeks to seal with particularity in the Declaration of Joseph Alm, filed concurrently herewith. As described in the Declaration of Joseph Alm in Support of Plaintiff Tesla, Inc.'s Administrative Motion to Seal, Tesla respectfully requests an order from the Court to authorize the filing of the following under seal:

(1) designated portions of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction;

(2) designated portions of the Declaration of Lucia Guh-Siesel In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction, including Exhibits A through B thereto;

(3) designated portions of the Declaration of Naga Venugopal Gangaraju In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction, including Exhibits A through J thereto;

(4) designated portions of the Declaration of Matthew Gschwind In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction; and

(5) designated portions of the Declaration of Hugh McCabe In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction, including Ex. 1 thereto.

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records). The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citation omitted).

The Ninth Circuit applies two tests to determine whether a party is entitled to file documents under seal: a "compelling reasons" test for potentially dispositive motions and a "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016); *see also DelfinoGreen & Green v. Workers Comp. Sols.*, LLC, No. 15-cv-2302, 2015 WL 4235356, at *1-2 (N.D. Cal. Jul. 13, 2015). Because Plaintiff brings this Motion to Seal in connection with its request only for provisional relief, i.e., a temporary restraining order and preliminary injunction, Plaintiff submits that the "good cause" standard should apply. Regardless, under either standard, the information that Tesla seeks to protect satisfies the standards of the Ninth Circuit and this Court for sealing.

## III. ARGUMENT

There is good cause and compelling need to seal the portions of Tesla's *ex parte* motion and accompanying documents identified in the attached Alm Declaration. The materials that Tesla seeks to seal fall into four categories:

(1) the confidential General Terms and Conditions ("GTC") that govern Tesla's relationship with MVC, and confidential settlement communications regarding the same;

(2) the monetary amount of Tesla's loan to MVC;

(3) the confidential Exhibits showing Tesla's parts, tooling, and inventory at issue in this action, including confidential communications with MVC regarding the same; and

(4) the timing and scope of any prospective parts shortages, including the number of vehicles likely to be affected and the precise functional purposes of parts in question.

All information that Tesla seeks to seal is kept strictly confidential by Tesla in the ordinary course of business. This information is non-public, proprietary, and highly commercially sensitive. Indeed, if this information were made public, Tesla would be placed at a severe competitive disadvantage. Specifically, 1) current and future suppliers would know the confidential terms of one of Tesla's supply agreements; 2) competitors and suppliers would know a confidential loan amount Tesla has given and be able to use that information against Tesla; 3) competitors would know the specific tooling used to assemble parts for Tesla's cutting-edge vehicles, as well as the costs and functional purposes thereof; and 4) competitors and suppliers could take advantage of any potential shortage, for example, in negotiations with Tesla for replacement supply or competition for customers. And at the same time, the public does not have a meaningful interest in obtaining the information that Tesla seeks to seal.

Tesla respectfully submits that all of the categories of documents it seeks to protect are sealable under applicable precedent. For example, in *Stout v. Hartford Life & Acc. Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770 (N.D. Cal. Dec. 4, 2012), this Court applied the compelling need standard to determine that the defendant's commercial contracts were properly sealable because, otherwise, the defendant's competitors could "use this information to adjust their own contracts . . ., thus undermining [the defendant's] ability to compete." *Id.* at *2. And in *Transperfect Glob., Inc. v. Motionpoint Corp.*, No. C 10-2590 CW, 2013 WL 209678 (N.D. Cal. Jan. 17, 2013), the Court permitted sealing under the compelling need standard of confidential information "about [the plaintiff's] business operations and technology." *Id.* at *1; *see also, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (pricing and other contract terms met compelling need standard and warranted sealing under compelling need test). Tesla submits that the four, narrow categories of

information it seeks to protect should be sealed for the same reasons: if publicly disclosed, all of this information could undermine Tesla's ability to compete, negotiate with potential suppliers, and address any potential parts shortage. All of this material is properly sealable under this Court's rules and precedent.

## IV. CONCLUSION

Tesla has narrowed the information it wishes to seal only to the most commercially-sensitive information that, if disclosed, would cause Tesla competitive harm, and that Tesla maintains at as strictly confidential in the ordinary course of business. Tesla respectfully requests that the Court grant Tesla's administrative motion to seal the information identified in the accompanying Alm Declaration.

Respectfully submitted,

Date: March 19, 2021    TESLA, INC.

By: /s/ *Joseph Alm*

Joseph Alm (SBN: 294362)
jalm@tesla.com
Candace Jackman (SBN: 267599)
cjackman@tesla.com
**TESLA, INC.**
901 Page Ave.
Fremont, CA 94538
(650) 681-5000

*Counsel for Plaintiff*