**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TESLA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MCKECHNIE VEHICLE COMPONENTS USA, INC., et al., <br><br> Defendants. | Case No. 21-cv-01962-BLF <br><br> **ORDER DENYING MOTION TO FILE UNDER SEAL WITHOUT PREJUDICE** |

On March 20, 2021, Plaintiff Tesla, Inc. ("Tesla") filed a motion to seal portions of its motion for a temporary restraining order and supporting papers. ECF 3. Tesla seeks to seal:

> (1) designated portions of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction;
> (2) designated portions of the Declaration of Lucia Guh-Siesel In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction, including Exhibits A through B thereto;
> (3) designated portions of the Declaration of Naga Venugopal Gangaraju In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary In-junction, including Exhibits A through J thereto;
> (4) designated portions of the Declaration of Matthew Gschwind In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction; and
> (5) designated portions of the Declaration of Hugh McCabe In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction, including Ex. 1 thereto.

ECF 3 at 2; *see also* ECF 16. Defendants McKechnie Vehicle Components, Inc. and MVC USA Holdings, LLC (collectively, "MVC") object to the motion, arguing that "the list of documents Tesla seeks to file under seal are a laundry list of ordinary contract dispute documents as can be seen from Tesla's submission to this Court." ECF 26 at 2.

The Court agrees with MVC. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

In addition, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be *narrowly tailored* to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (emphasis added). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

The Court has reviewed Tesla's request and finds it to be wildly overbroad. Among other things, Tesla seeks to wholesale seal Exhibits A and B to the Guh-Siesel Declaration, Exhibits A-J to the Gangaraju Declaration, and Exhibit 1 to the McCabe Declaration. The Court highlights that Exhibit A to the Guh-Siesel Declaration is the contract at the heart of Tesla's motion for a temporary restraining order. The Court has reviewed the contract and finds that large swaths of the contract are

relatively generic. *See, e.g.*, Guh-Siesel Declaration, Exh. A §§ 1.1, 1.2, 1.3, 1.6, 2.1, 3.1, 3.2, 4.3, 6.1(c)-(i), 11.1, 11.2, 12.1.[1] And Tesla itself undermines its request by quoting provisions of the contract in its redacted motion. *See, e.g*., ECF 3-3 at 9-10. In sum, Tesla has not proffered a compelling reason to seal the entire contract, even acknowledging that parts of the contract may indeed be "highly commercially sensitive." ECF 3 at 4.

The Court DENIES Tesla's motion WITHOUT PREJUDICE to Tesla re-filing its motion in line with the aforementioned guidance.

**IT IS SO ORDERED.**

Dated: April 1, 2021

BETH LABSON FREEMAN
United States District Judge

---

[1] The Court cautions Tesla that these examples are not exhaustive. Tesla must review the entire contract to determine whether there is a compelling reason to seal each provision.