Joseph Alm (SBN: 294362)
jalm@tesla.com
Candace Jackman (SBN: 267599)
cjackman@tesla.com
**TESLA, INC.**
901 Page Ave.
Fremont, CA 94538
Tel: (650) 681-5000

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **TESLA, INC.**, <br>    Plaintiff, <br><br> v. <br><br> **MCKECHNIE VEHICLE COMPONENTS USA, INC.**; and **MVCUSA HOLDINGS, LLC**, <br>    Defendants. | Case Number: 5:21-cv-01962 <br><br> **PLAINTIFF TESLA, INC.'S RENEWED ADMINSTRATIVE MOTION TO SEAL PORTIONS OF ITS *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND CERTAIN DOCUMENTS IN SUPPORT THEREOF** <br><br> Judge Beth Labson Freeman |

## I. INTRODUCTION

Plaintiff Tesla, Inc. ("Tesla") filed its original motion to seal certain portions of its *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction and supporting declarations and exhibits on March 20 ("TRO Papers"). The Court denied Tesla's motion to seal without prejudice on April 1. Pursuant to the Court's order, Tesla files the instant motion seeking much more narrowly tailored sealing of the previously filed TRO Papers to prevent disclosure of highly confidential and trade secret information. Specifically, Tesla has removed its request to seal the contract at issue, and has withdrawn its request to seal exhibits in their entirety, instead proposing only narrow redactions reflecting particular needs for secrecy.

Pursuant to Civil Local Rules 7-11 and 79-5, Tesla has identified the information it seeks to seal with particularity in the Declaration of Joseph Alm in Support of Plaintiff Tesla, Inc.'s Administrative Motion to Seal, filed concurrently herewith. As described in the Alm Declaration, Tesla respectfully requests an order from the Court to authorize the filing of the following under seal:

(1) designated portions of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction;

(2) designated portions of the Declaration of Lucia Guh-Siesel In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction, including portions of Exhibit B thereto;

(3) designated portions of the Declaration of Naga Venugopal Gangaraju In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction, including portions of Exhibits B through J thereto;

(4) designated portions of the Declaration of Matthew Gschwind In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction; and

(5) designated portions of the Declaration of Hugh McCabe In Support of Tesla's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction, including portions of Ex. 1 thereto.

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.) The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citation omitted).

The Ninth Circuit applies two tests to determine whether a party is entitled to file documents under seal: a "compelling reasons" test for potentially dispositive motions and a "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp.,* LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016); *see also DelfinoGreen & Green v. Workers Comp. Sols.*, LLC, No. 15-cv-2302, 2015 WL 4235356, at *1-2 (N.D. Cal. Jul. 13, 2015). Because Plaintiff brings this Motion to Seal in connection with its request only for provisional relief, i.e., a temporary restraining order and preliminary injunction, Plaintiff submits that the "good cause" standard should apply. Regardless, under either standard, the information that Tesla seeks to protect satisfies the standards of the Ninth Circuit and this Court for sealing.

III.   **ARGUMENT**

There are compelling reasons and good cause to seal the portions of Tesla's *ex parte* motion and accompanying documents identified in the attached Alm Declaration. The materials that Tesla seeks to seal fall into five categories:

(1)   the monetary amount of Tesla's loan to MVC;

(2)   Tesla's confidential payment terms and amounts for tooling, parts, and chargebacks;

(3)   Tesla's records of inventory, production rate, and use rate of specific parts;

(4) timing and scope of Tesla's oncoming service shortage and timing to acquire new tooling or install old tooling;

(5) functional description of certain Tesla parts' design purposes.

All information that Tesla seeks to seal is kept strictly confidential by Tesla in the ordinary course of business. This information is non-public, proprietary, and highly commercially sensitive. Indeed, if this information were made public, Tesla would be placed at a severe competitive disadvantage. Specific disadvantages for each category is listed below:

(1) if made public, the amount and due date of Tesla's loan to MVC could be used by other suppliers in similar negotiations, and by competitors when assessing their own willingness to make loans (or other financial concessions) to suppliers in general, and MVC in particular, Alm Decl. ¶ 5;

(2) if made public, Tesla's payment terms and amounts for tooling, parts, and chargebacks could be used by suppliers to negotiate pricing against Tesla, and by competitors to alter their own pricing, Alm Decl. ¶ 6.

(3) if made public, Tesla's inventory, production rate, and use rate of specific parts could be used by suppliers in supply negotiations and by competitors to compete with Tesla for customers. It could also be used by suppliers to identify expected production rates of listed parts, Alm Decl. ¶ 7;

(4) if made public, the timing and scope of Tesla's oncoming service shortage and timing to acquire new tooling or install old tooling to produce new parts to mitigate the shortage (from which the timing of the potentialshortage can be derived), could used by suppliers in supply negotiations and by competitors to identify opportunities to acquire Tesla customers. The timing to acquire new tooling or install old tooling to produce new parts could also be used in supplier negotiations to extract timing or payment concessions from Tesla, Alm Decl. ¶ 8;

   (5) if made public, the functional description of specific service parts' design purposes reveals nonpublic information about specific design elements, as well as the vehicle's design and engineering, which enable competitors to more easily reverse engineer Tesla designs using these parts, Alm Decl. ¶ 10.

  And at the same time, the public does not have a meaningful interest in obtaining the information that Tesla seeks to seal. None of this information is germane to a thorough understanding of Tesla's lawsuit, the parties's dispute, or the Court's order on Tesla's TRO Motion.

  Tesla respectfully submits that all of the categories of documents it seeks to protect are sealable under applicable precedent. For example, in *Stout v. Hartford Life & Acc. Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770 (N.D. Cal. Dec. 4, 2012), this Court applied the compelling need standard to determine that the defendant's commercial contracts were properly sealable because, otherwise, the defendant's competitors could "use this information to adjust their own contracts . . ., thus undermining [the defendant's] ability to compete." *Id.* at *2. And in *Transperfect Glob., Inc. v. Motionpoint Corp.*, No. C 10-2590 CW, 2013 WL 209678 (N.D. Cal. Jan. 17, 2013), the Court permitted sealing under the compelling need standard of confidential information "about [the plaintiff's] business operations and technology." *Id.* at *1; *see also, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (pricing and other contract terms met compelling need standard and warranted sealing under compelling need test). Tesla submits that the five, narrow categories of information it seeks to protect should be sealed for the same reasons: if publicly disclosed, all of this information could undermine Tesla's ability to compete, negotiate with potential suppliers, and address any potential parts shortage. All of this material is properly sealable under this Court's rules and precedent.

### IV. CONCLUSION

  Tesla has narrowed the information it wishes to seal only to the most commercially-sensitive information that, if disclosed, would cause Tesla competitive harm, and that Tesla maintains at as strictly confidential in the ordinary course of business. Tesla respectfully requests that the Court

1 | grant Tesla's administrative motion to seal the information identified in the accompanying Alm
2 | Declaration.

Respectfully submitted,

Date: April 8, 2021                    TESLA, INC.

By:  /s/ *Joseph Alm*

Joseph Alm (SBN: 294362)
jalm@tesla.com
Candace Jackman (SBN: 267599)
cjackman@tesla.com
**TESLA, INC.**
901 Page Ave.
Fremont, CA 94538
(650) 681-5000

*Counsel for Plaintiff*