Georges A. Haddad, Esq., SBN 241785
GHaddad@ClarkHill.com
CLARK HILL LLP
505 MONTGOMERY STREET
13TH FLOOR
SAN FRANCISCO, CA 94111
Telephone:  (415) 984-8500
Facsimile:   (415) 984-8599

Jennifer K. Green, Esq., (SBN P69019) (admitted pro hac vice)
JGreen@ClarkHill.com
**CLARK HILL PLC**
151 S. Old Woodward, Suite 200
Birmingham, MI  48009
Telephone:  (248) 642-9692
Facsimile:   (248) 642-2174
jgreen@clarkhill.com

Attorneys for Defendants
McKechnie Vehicle Components USA, Inc. and

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MCKECHNIE VEHICLE COMPONENTS USA, INC. AND MVC USA HOLDINGS, LLC,<br><br>　　　　　　　　　Defendant. | Case No. 5:21-cv-01962-BLF<br><br>**DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO SEAL**<br>**(DOCUMENT 28)**<br><br>Judge:   Hon. Beth Labson Freeman |

McKechnie Vehicle Components, Inc. and MVC USA Holdings, LLC (collectively, "MVC"), hereby responds to Plaintiff Tesla Inc.'s Renewed Administrative Motion to Seal Portions of Its *Ex Parte* Motion for a Temporary Restraining Order[1] (the "Motion for TRO") and

---

[1] This Court has already issued a ruling on the *ex parte* Motion for TRO.

Preliminary Injunction and Certain Documents in Support Thereof (the "Motion to Seal") and states as follows:

## I. INTRODUCTION

Again, Tesla seeks to seal numerous categories of information without a compelling reason. The renewed request does nothing more than reduce the number or breath of requested redactions. Tesla's only argument as to why these categories should be redacted, is conclusory, unsupported conjecture, that "if publicly disclosed, all of this information could undermine Tesla's ability to compete, negotiate with potential suppliers and address any potential parts shortage." (Tesla's Renewed Brief at p. 4:20-4:22). A detailed explanation must be proffered by the moving party because a court must reach its decision "without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). In fact, this Court cautioned Tesla in footnote one of its order denying the original motion to file under seal by stating, "Tesla must review the entire contract to determine whether there is a **compelling reason** to seal each provision." [Doc. No. 27 at foot note one]. (Emphasis added). Tesla has failed to provide this Court with any compelling reasons to seal.

## II. ARGUMENT

### A. Sealing Is Not Proper Absent a "Compelling" Need, Which Is Not Present Here

Filing under seal is highly disfavored in the American court system due to common-law right of public access to judicial documents and the qualified First Amendment right to attend judicial proceedings. *Hartford Courant Co. v. Pellegrino,* 380 F. 3d 83, 91 (2d Cir. 2004). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Fujitsu Ltd. v. Belkin Intern., Inc.*, 2012 WL 6019754, at *1 (N.D. Cal. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978)). Thus, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (citing *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) and quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

1   To meet the compelling reasons standard, a party must show articulable facts that a
2  compelling reason exists.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).  A
3  detailed explanation must be proffered by the moving party because a court must reach its
4  decision "without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp.,*
5  *LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).  "The mere fact that the production of records may
6  lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
7  without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*,
8  331 F.3d at 1136). "In general, '**compelling reasons**' ... exist when such 'court files might have
9  become a vehicle for improper purposes,' such as the use of records to gratify private spite,
10 promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Nixon*,
11 435 U.S. at 598) (emphasis added).

12   Here, Tesla merely offers conclusory, conjecture that the release of this information *may*
13 have an adverse impact.   Tesla does not provide a detailed explanation with the relevant
14 information showing that this will actually occur. Had Tesla provided a showing that the alleged
15 harm is likely to occur, even then, it would be mere conjecture and insufficient for this Court to
16 seal.   Without a showing of a compelling reason that the information sought to be seal is
17 justified, the renewed order should be denied.

18   B. **The Public Has the Right to Access to Determinative Materials**

19   While on one hand arguing a competitive disadvantage, Tesla states, "[a]nd at the same
20 time, the public does not have a meaningful interest in obtaining the information that Tesla seeks
21 to seal.  None of this information is germane to a thorough understanding of Tesla's lawsuit, the
22 parties's [sic] dispute, or the Court's order on Tesla's TRO Motion." (Tesla's Renewed Brief at
23 4:5-4:7).  Yet, in denying Plaintiff's TRO motion, in an order filed under seal, it is clear that a
24 necessary component was a review of the underlying contract and the information surrounding it.
25 [Doc. No. 25 *SEALED*].  The public already knows the Court has reviewed the contract
26 because in the order denying the original motion to file under seal, the order states, "The Court
27 has reviewed the contract and finds large swaths of the contract are relatively generic." [Doc. No.
28

27 at 2:28-3:1]. "[T]he public has a right of access to materials on which a court relies in determining the litigants' substantive rights." *Ctr. for Auto Safety*, 809 F.3d at 1100 (citations omitted); *Levy,* 143 F.R.D. at 56.

Although not currently before this Court, MVC intends to file a counter-claim putting at issue the letter agreement/alleged loan between the two parties. As part of this claim, the loan document itself will be front and center in this litigation. Moreover, Count Four of Plaintiff's complaint deals with enforcement of the loan agreement. It too should be subject to the public docket and it is likely that this Court will rely on the terms and conditions contained therein to resolve any dispute. Further, that agreement is not marked "Confidential" and therefore there can be no compelling reason to seal a document that there is no agreement as to its confidential nature.

In sum, if the Court has relied on the contract, or any information that may be contained within that contract in making its determination on the TRO, that information should be made available in the Court's record.

### III.  CONCLUSION

Tesla has merely provided conclusory, unsupported conjecture as to how it might be harmed, and has not shown any compelling reason why this renewed motion to seal is justified. Tesla itself made the decision to file this lawsuit knowing the potential for harm, and now must live with potential consequences. In sum, Tesla's Renewed Motion to Seal should be denied as Tesla has failed to show a compelling reason why such documents should be sealed.

Dated:   April 15, 2021                                   CLARK HILL LLP

By: _____
Georges A. Haddad

Attorneys for Defendants
McKechnie Vehicle Components USA, Inc. and

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: April 15, 2021                                /s/ Georges A. Haddad
                                                                 Georges A. Haddad